**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4461
_____

UNITED STATES OF AMERICA

v.

LEONARD GUESS,

Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Criminal No. 2-09-cr-00636-002)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted Under Third Circuit LAR 34.1(a)
April 19, 2012
_____

Before: VANASKIE, BARRY and CUDAHY,[*] <u>Circuit Judges</u>

(Opinion Filed: June 7, 2012)
_____

OPINION
_____

CUDAHY, <u>Circuit Judge</u>

---

[*] Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of
Appeals for the Seventh Circuit, sitting by designation.

This appeal arises from appellant Leonard Guess' participation in a conspiracy, along with a co-defendant, Thomas Jackson, and Marcus Boone, a confidential informant, to rob drug dealers. Guess challenges the sufficiency of evidence to support his firearm possession conviction. He also contends that the district court erred in applying a two-level upward adjustment in his base offense level for use of physical restraint. We will affirm.

## I.

In May 2009, Thomas Jackson attempted to enlist Marcus Boone in an armed robbery of drug dealers. Boone informed law enforcement of this, and law enforcement agents used this opportunity to conduct a sting operation against Jackson. After discovering the details of Jackson's plan through recorded conversations, law enforcement agents instructed Boone to rent a car to pick up Jackson and to wear a wire while traveling to the robbery.

Unknown to Boone or law enforcement, Jackson enlisted Leonard Guess to participate in the robbery. Jackson initially requested to borrow a gun from Guess to use during the robbery, but Guess insisted on joining the plot instead of simply lending the gun. Prior to their meeting Boone, Guess and Jackson agreed that Jackson would hold the gun when they met Boone, so as not to scare Boone at their introduction. While in the car on the way to the robbery location, Jackson handed the gun back to Guess. The three men then agreed to put the gun in the trunk while traveling to the location.

During the ride, Boone recorded the co-conspirators' conversations about the

details of the robbery. The plan called for Boone to enter the victim's apartment to buy drugs, leaving the door open behind him. Jackson and Guess would then enter to commit the robbery, with Boone posing as a faux victim. Their plan explicitly included binding the victims in telephone wire and placing them in separate rooms. The co-conspirators' conversation also included references to the gun and its role in the robbery. At one point, Guess noted the possibility of using the gun to kill people, if necessary. At another point, Boone asked Guess how much he paid for the gun; he replied that he "took it."

Upon arriving at the robbery location, law enforcement converged on the co-conspirators and arrested all three. Guess was indicted on two counts, conspiracy to commit armed robbery, in violation 18 U.S.C. §1951(a), and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c). A jury found Guess guilty on both counts. The district court sentenced Guess to 101 months imprisonment. This sentence included a two-level offense adjustment for clearly intending to use physical restraint in furtherance of the robbery.

Guess raises two issues on appeal. We address them in turn, and affirm the lower court on both issues.

## II.

Guess first objects to the two-level "physical restraint" adjustment to his offense level because there was no identifiable victim or actual restraint. This Court exercises plenary review of an interpretation of the Sentencing Guidelines, and reviews factual findings for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007).

3

Guess was convicted of conspiracy to commit armed robbery. The sentencing guideline for conspiracy provides that the base offense level is "[t]he base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any *intended* offense conduct that can be established with reasonable certainty." U.S.S.G. § 2X1.1(a) (emphasis added). Guess' underlying substantive offense is robbery. That guideline establishes his base level, which may be adjusted using any robbery sentencing guidelines established with reasonable certainty. The adjustment challenged here stems from Robbery Guideline 2B3.1, which states "if any person was physically restrained to facilitate commission of the offense or to facilitate escape, increase by 2 levels." U.S.S.G. § 2B3.1(b)(4)(B).

Guess focuses his argument on the fact that the incident was actually a sting operation. Yet, Guess cannot point to a single case demonstrating that an actual victim is required for a conspiracy charge, and numerous conspiracy cases involving sting operations demonstrate that an actual victim or loss is unnecessary to sustain a conspiracy charge. *See e.g., United States v. Holloman*, 981 F.2d 690 (3d Cir. 1992) (holding that the Guidelines covered intended loss as well as actual loss). The relevant question is whether physical restraint was clearly contemplated by Guess and his co-conspirators. The transcript of the recorded conversation en route to the robbery and his co-conspirators' testimony at trial described how they were going to tie up the victims with telephone wire and place the victims in separate rooms after tying them up. Supp. App. 228. In response to Guess asking what they were going to do with the victims, co-defendant

4

Thomas stated, "We gonna tie him up in the bedroom. We gonna tie the bitch up. They might be tied up for an hour." Supp. App. 60. This is sufficient to establish with reasonable certainty that they intended to physically restrain their victims.[1]

III.

Guess' second argument on appeal is that there is insufficient evidence to support the jury's verdict that he carried a firearm in furtherance of a violent crime. In assessing insufficiency of the evidence, this Court views the evidence in the light most favorable to the government, and will sustain the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (quoting *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996)).

Guess' version of events on appeal implies that it was not his firearm and that the first time he handled the gun was in the backseat of the car on the way to the robbery. This version conflicts with the evidence adduced at trial. In the car on the way to the robbery Guess stated that it was his firearm. Supp. App. 68. The testimony of his co-conspirator Jackson also established that the firearm was in Guess' immediate possession before meeting Boone and it was given back to him after the introductions. Supp. App. 171-72. It is irrelevant that the gun was placed in the trunk. *See United States v. Muscarello*, 524

---

[1] We note, as the district court did below, that the application note to § 2X1.1 all but forecloses Guess' challenge to the adjustment. It describes a situation involving two defendants arrested during the conspiratorial stage of planning an armed robbery and states, "[i]f it was established that the defendants actually intended to physically restrain the teller, the specific offense characteristic for physical restraint would be added." U.S.S.G. § 2X1.1 cmt. n.2.

5

U.S. 125, 137 (1988) ("[T]he fact that the gun is carried in the car's trunk or locked glove compartment seems . . . beside the point."). Viewing this evidence in a light favorable to the Government, a rational trier of fact could have concluded that Guess was carrying a gun in furtherance of an armed robbery.

The district court did not err in applying the two-level adjustment because physical restraint was clearly contemplated by the co-conspirators. There is also sufficient evidence to sustain Guess' conviction for carrying a firearm in furtherance of a violent crime. For these reasons, we AFFIRM.